IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JANELL TAYLOR

    Plaintiff,                            NO.

                                          HON.

IKEA NORTH AMERICA
SERVICES, LLC, dba IKEA
OF CANTON,


    Defendant.

_____

CARLA D. AIKENS, P.L.C
CARLA D. AIKENS (P69530)
AUSTEN J. SEAROUSE (P84852)
Attorneys for Plaintiff
615 Griswold, Suite 709
Detroit, Michigan 48226
844-835-2993
carla@aikenslawfirm.com
austen@aikenslawfirm.com
_____

## **COMPLAINT**

*Plaintiff, by and through her attorneys, asserts there is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence*

Janell Taylor, by and through her attorneys, CARLA D. AIKENS, P.L.C., submit the following Complaint against Defendant IKEA.

1

## JURY DEMAND

COMES NOW PLAINTIFF, Janell Taylor, and hereby make her demand for trial by jury.

## JURISDICTION

1.  Plaintiff Janell Taylor (hereinafter referred to as "Ms. Taylor" or "Plaintiff") was a resident of Wayne County in the State of Michigan at all times relevant to this action.

2.  Defendant IKEA North America Services, LLC, (hereinafter referred to as "Defendant" or "Defendant IKEA"), is a foreign corporation with U.S. headquarters in Pennsylvania, who was Plaintiff's employer at all times relevant to this Complaint.

3.  All relevant actions giving rise to this complaint took place in Wayne County in the State of Michigan.

4.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331.

5.  This is a suit authorized and instituted pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 2000e; and declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6.  Venue of this Court is pursuant to 28 U.S.C. § 1391(b), the judicial district in which a substantial part of the events giving rise to this claim occurred.

7.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## FACTUAL ALLEGATIONS

8.      Plaintiff is an 31-year-old African American woman.

9.      At all times relevant to this complaint, she worked for Defendant as an overnight clerk/receiver.

10.     Ms. Taylor was hired on December 27, 2020, at a pay rate of $16.00 per hour.

11.     Upon information and belief, her direct supervisors were "Steve G," "Greg," and "Rhamize."

12.     During her employment, the COIVD-19 pandemic was occurring and Defendant had hours called "emergency sick days off" for use in relation to the pandemic.

13.     Upon information and belief, Ms. Taylor qualified for emergency sick days off.

14.     Upon information and belief, Ms. Taylor had two family members pass away from COVID-19 while she worked for Defendant.

15.     Ms. Taylor attempted to use the emergency sick days off to grieve and deal with the effects of losing two family members.

16. Defendant denied the use of these days stating, "Emergency sick pay can only be used for COVID related absences that would have been approved by Beth Daniels or Andrea Greensky."

17. Upon information and belief, Defendant did not apply this alleged policy equally, as it allowed white employees to use their emergency sick days off for non-COVID-19 related reasons, including but not limited to, vacation.

18. Upon information and belief, white employees were not even told about the limitations regarding the use of their emergency sick days off.

19. Defendant also preferred non-Black and/or male employees, as shown by preferential accommodations and days off.

20. Ms. Taylor put in time off for work on March 15, 2021, using her emergency sick pay, which was ultimately denied by Defendant.

21. Plaintiff was treated differently on the basis of both her race and/or sex when it came to the available uses of her emergency sick time.

22. Upon = information and belief, Ms. Taylor was terminated on March 18, 2021, only three days after asking to use the emergency sick days off in a manner similar to her white and/or male counterparts.

**COUNT I**
**RETALIATION AND DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e *et seq*. ("Title VII")**

4

23. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

24. At all material times, Defendant was an employer within the meaning of Title VII, as amended.

25. At all material times, Plaintiff was an employee within the meaning of Title VII, as amended.

26. At all material times, Plaintiff identified as an African-American/Black woman. As a result, Plaintiff is a member of a protected class pursuant to Title VII.

27. Title VII of the Civil Rights Act of 1964 makes it unlawful to harass or discriminate against an employee on the basis of that employee's race.

28. Defendant's conduct, as alleged herein, violated Title VII. Defendant's firing practices had a discriminatory impact upon African-American/Black employees.

29. Plaintiff alleges Defendant treated African Americans negatively based upon their race as shown by Caucasian employees being granted more flexibility with their emergency sick time off.

30. Defendant treated Ms. Taylor's fellow Caucasian employees better than it did her.

5

31.     Defendant did not force similarly situated Caucasian employees out of their positions for the same reasons it did Plaintiff.

32.     Further, Defendant did not offer the same accommodation to Ms. Taylor that was being offered to her Caucasian counterparts.

33.     Plaintiff was subjected to offensive communication, bullying and/or other conduct on the basis of her race.

34.     Defendant and its agents' unlawful actions were intentional, willful, malicious and done with reckless disregard for Plaintiff's rights.

35.     As a proximate cause of Defendant's discriminatory actions, Plaintiff suffered past wage loss, future wage loss and earning capacity.

36.     As a proximate cause of Defendant's discriminatory actions, Plaintiff's physical health suffered.

37.     As a proximate cause of Defendant's discriminatory actions, Plaintiff suffered humiliation, anxiety, mental anguish, and emotional distress.

38.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

39.     Plaintiff requests the relief as described in the Prayer for Relief below.

## COUNT II
### HARASSMENT AND DISCRIMINATION ON THE BASIS OF SEX/GENDER IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e *et seq*. ("Title VII")

40.     Plaintiff incorporates by reference all allegations in the preceding

paragraphs.

41.     At all material times, Plaintiff was Defendant's employee.

42.     Plaintiff is a woman. Defendant was aware of the same. As such, Plaintiff was a member of a protected class.

43.     A respondeat superior relationship existed because Plaintiff's supervisors had the ability to undertake or recommend tangible decisions affecting all Plaintiffs and the authority to direct all of the Plaintiffs daily work activity, as alleged in the statement of facts.

44.     Defendant's conduct, as alleged herein, violated the Title VII, which makes it unlawful to harass or discriminate against an employee because of their sex or gender.

45.     Plaintiff was subjected to communication and/or conduct on the basis of her status as alleged in the facts of this Complaint.

46.     The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

47.     As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

48. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

49. Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT III**
**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")**

51. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

52. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of the ELCRA.

53. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to harass or discriminate against an employee because of their race or skin color.

54. A respondeat superior relationship existed because Defendant's agents had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of the Plaintiff's daily work activity, as alleged in the statement of facts.

55. Plaintiff is an African-American woman, and, as a result, is a member of a protected class, pursuant to the ELCRA.

56.     Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class.

57.     The communication and conduct were unwelcomed.

58.     This unwelcomed conduct and communication were intended to or in fact did substantially interfere with Plaintiff's employment or created an intimidating, hostile, or offensive work environment as alleged in the statement of facts.

59.     Plaintiff continually notified and complained to Defendant through its agents of the unwelcomed conduct or communication and Defendant failed to remedy the unwelcomed conduct or communication.

60.     As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

61.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV
## DISCRIMINATION ON THE BASIS OF SEX/GENDER IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")

62.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

9

63. At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, the ELCRA.

64. A respondeat superior relationship existed because Defendant's agents had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiffs daily work activity, as alleged in the statement of facts.

65. Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate against an employee because of sex or gender.

66. Plaintiff is a woman, and, accordingly, is a member of a protected class for the purposes of the ELCRA.

67. Plaintiff was subjected to communication and conduct on the basis of their status as a member of this protected class including but not limited to: being told she could not use her emergency sick time in the same manner as her white and/or male colleagues, and other such conduct as described in this Complaint.

68. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

10

69. Plaintiff continually notified Defendant and its agents of unwelcomed conduct and communication; however, Defendant failed to remedy the same.

70. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

71. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

72. Plaintiff requests relief as described in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

Plaintiff, Janell Taylor, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;

2. Exemplary damages in whatever amount which Plaintiff is entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

11

Dated:  July 20, 2023

Respectfully Submitted,

/s/ Carla D. Aikens
Carla D. Aikens (P69530)
Austen J. Shearouse (P84852)
CARLA D. AIKENS, P.C.
*Attorneys for Plaintiff*
615 Griswold Street, Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com
austen@aikenslawfirm.com

12